# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN WALSH and EILEEN WALSH, <br><br> Plaintiffs, <br><br> v. <br><br> CLIENT SERVICES, INC., <br><br> Defendant. | Case No. 4:21-cv-00976 |

**NOW COME** BRIAN WALSH and EILEEN WALSH, by and through their undersigned counsel, complaining of Defendant CLIENT SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for the Defendant's violations of the Telephone Consumer Protection Act ("TCPA)", 47 U.S.C. §227 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. BRIAN WALSH ("Brian") is a natural person, over 18-years-of-age, who at all times relevant resided in Greenwich, Connecticut.

5. EILEEN WALSH ("Eileen") is a natural person, over 18 years-of-age, who at all times relevant resided in Greenwich, Connecticut.

6. Brian is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Eileen is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. CLIENT SERVICES, INC. ("Defendant") maintains its principal place of business in Saint Charles, Missouri.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Connecticut that are owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. At all times relevant, Eileen and Brian (collectively "Plaintiffs") were the subscribers, owners, and operators of cellular telephones with assigned numbers ending in 0963 and 1120, respectively.

11. Plaintiffs have always been financially responsible for their cellular phones and their services.

12. At some point, Eileen applied for and was approved for a MasterCard credit card issued by Citibank, N.A.

13. Due to unforeseen financial difficulty, Eileen fell behind on her payments ("subject debt").

14. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it was incurred for personal purposes.

15. Eventually, the subject debt was assigned to Defendant for collection.

16. On or around December of 2020, Eileen and Brian started to receive phone calls from Defendant regarding the subject debt.

17. Plaintiffs have never provided their cellular phone numbers to Defendant.

18. On almost all of the calls that Eileen and Brian answered, they were met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a live agent.

19. In other calls answered by Plaintiffs, they were greeted with a pre-recorded message that requested that Plaintiffs hold for a representative.

20. During one phone call to Eileen's cellular phone, Defendant caused to be played a pre-recorded message requesting that Eileen call Defendant.

21. That same day, Brian returned the call to Defendant and informed Defendant that Eileen could not talk due to her fragile health.

22. Unfortunately, when Brian gave the phone to Eileen to grant that permission, Defendant's representative assumed an aggressive and demanding attitude and insisted that Eileen provide verification of her identity.

23. In response, Eileen explicitly stated that she was Eileen Walsh.

24. Despite Eileen identifying herself, Defendant refused to provide any information regarding its identity.

25. During this phone call, Eileen disputed the subject debt and ask that the alleged debt be validated.

26. During this call, Defendant's representative failed to inform Eileen that Defendant was a debt collector attempting to collect a debt as required by 15 U.S.C. §1692e(11).

27. Defendant's representative agreed to immediately send a validation letter however in response to Eileen requesting debt validation.

28. Unfortunately, Eileen did not receive that letter until on or around January 11, 2021.

29. During the time that Eileen has requested validation, Defendant continued their aggressive collection tactics, even though Eileen requested validation of the subject debt.

30. Defendant contacted Brian and Eileen numerous times.

31. On at least one occasion, Brian and Eileen requested the collection calls stop.

32. Unfortunately, the collection calls continued.

33. Upon information and belief Defendant placed at least 10 additional, unwanted, and unconsented to collection calls to Plaintiffs.

34. Frustrated with Defendant's refusal to stop the collection calls, Plaintiffs sent a cease and desist request to Defendant, which included contact information for their attorney.

35. Furthermore, Plaintiffs used the consumer portal of Defendant's website to request all communication cease.

36. And yet, Defendant *still* continued to contact Eileen and Brian after they had been diligent about sending the cease and desist and attorney representation letter in numerous ways to Defendant.

## DAMAGES

37. The statute (FDCPA) thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

38. The value of receiving complete and truthful information about one's financial affairs is of the upmost importance and material in making a decision about one's financial affairs.

39. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be

4

hard to quantify, but it is nevertheless a concrete harm. See *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

40. As a result of Defendant's illegal collection practices, Plaintiffs were deprived of their statutorily guaranteed FDCPA rights.

41. Plaintiffs were deprived of material information regarding the subject debt which did not allow them to make a full and complete assessment of Defendant's collection activity and resulting in an inability to make a decision as to how to handle the subject debt.

42. Concerned with having had their rights violated, Plaintiffs retained counsel; therefore, expending time and attorney's fees to vindicate their rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Defendant placed or caused to be placed at least 10 non-emergency calls, including but not limited to the calls referenced above, to Plaintiffs' cellular phones number using an automatic telephone dialing system ("ATDS") after Plaintiffs revoked consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

45. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

46. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order

5

in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

47. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

48. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiffs answered, Defendant used an ATDS to place calls to Plaintiffs' cellular phones.

49. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

50. Furthermore, as plead above, Defendant used an automated, pre-recorded message to contact Plaintiffs.

51. Defendant violated the TCPA by placing no less than 10 harassing phone calls to Plaintiff's cellular phones using an ATDS without their consent.

52. As pled above, Plaintiffs revoked consent to be called on their cellular phone during phone calls that they answered.

53. As pled above, Plaintiffs were severely harmed by Defendant's collection calls to their cellular phones.

54. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

55. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

56. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE** Plaintiffs, BRIAN WALSH and EILEEN WALSH, request that this Honorable Court:

a. Declare Defendant's phone calls to Plaintiffs to be violations of the TCPA;

b. Award Plaintiffs damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

## COUNT II:
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

57. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

58. Section 1692c(a)(2) of the FDCPA states that a debt collector may not communicate with consumer regarding collection of a debt without the prior consent of the consumer if "the debt collector knows the consumer is represented by an attorney with respect to such debt" and has access to said attorney's information. 15 U.S.C. §1692c(a)(2).

59. Section 1692c(c) of the FDCPA states that "if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. §1692c(c).

60. Defendant violated FDCPA §1692c(a)(2) when it continued to contact Plaintiffs after Plaintiffs had notified Defendant on that Plaintiffs were represented by an attorney and no longer wished to be contacted.

61. Defendant violated FDCPA §1692c(c) when it continued to contact Plaintiffs after Brian and Eileen sent numerous requests to Defendant that it cease communication.

### b. Violations of FDCPA § 1692d

62. Section 1692d of the FDCPA provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

63. Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing numerous collection call(s) to Plaintiffs after Plaintiffs requested that the phone calls cease.

64. Defendant violated 15 U.S.C. §§1692d and d(6) during numerous phone calls with Eileen, in which Eileen confirmed who she was and Defendant refused to elaborate on their collection calls initially.

### c. Violations of FDCPA § 1692e

65. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used

>  for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
>
>  15 U.S.C. § 1692e(11).

66. Defendant violated 15 U.S.C. §1692e by intentionally misleading both Brian and Eileen during numerous phones calls.

### d. Violations of FDCPA § 1692g

67. Section 692g(b) of the FDCPA provides:

>  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>  15 U.S.C. § 1692g(b).

68. Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiffs *after* Plaintiffs requested validation of the debt and *before* providing actual validation of the subject debt.

**WHEREFORE,** Plaintiffs BRIAN WALSH and EILEEN WALSH request that this Honorable Court enter judgment in their favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

  b. Awarding Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

  c.  Awarding Plaintiffs their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

  d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: August 5, 2021        Respectfully submitted,

               **BRIAN WALSH and**
               **EILEEN WALSH**

               By: /s/ *Victor T. Metroff*

               Mohammed O. Badwan, Esq.
               Victor T. Metroff, Esq.
               *Counsel for Plaintiffs*
               Sulaiman Law Group, Ltd
               2500 S Highland Ave, Suite 200
               Lombard, IL 60148
               (630) 575-8181
               mbadwan@sulaimanlaw.com
               vmetroff@sulaimanlaw.com